Joe A. **PERRYMAN**, Plaintiff-Appellee,

v.

Robert J. **BIBLE**, Commissioner, Tennessee Department of Employment Security, Defendant-Appellant,

and

**Heil-Quaker Corporation, Defendant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

April 29, 1983.

Application for Permission to Appeal Denied by Supreme Court June 27, 1983.

Knox Bigham, Bigham & Boyd, Lewisburg, for plaintiff-appellee.

William M. Leech, Jr., Atty. Gen. and Reporter Richard L. Colbert, Asst. Atty. Gen., State of Tenn., Nashville, for defendant-appellant.

OPINION

LEWIS, Judge.

This is an appeal by defendant Robert J. Bible, Commissioner, Tennessee Department of Employment Security (Commissioner), from a judgment of the Chancery Court for Marshall County reversing the Board of Review's denial of unemployment compensation benefits to plaintiff Joe A. Perryman.

Plaintiff was discharged on January 18, 1980, from his employment with Heil-Quaker Corporation (Heil-Quaker). The "Separation Notice," dated January 18, 1980, and filed by Heil-Quaker, showed that plaintiff had been terminated for "Violation of Company policy." The record shows that the violation was for excessive absenteeism.

Plaintiff filed his initial claim for unemployment benefits on January 30, 1980. His sworn statement filed with his claim is as follows:

I worked for Heil-Quaker Corp., Lewisburg, in Gr. Assembly from 4–10–78 until 1–18–80, when I was discharged for violation of Company policy.

I was absent and failed to call in. I had been warned once prior to this absence. I do not have a phone and was unable to call in. My two children—had been sick with ear infections. I am divorced and the children were in my care. The Dr. sent a note to Heil-Quaker. The time before when I was out I had told the person I ride to work with that I would be out the next day sick and to report this for me. He did not go in that next day.

Plaintiff's claim for unemployment benefits was denied on February 1, 1980. Plaintiff timely filed his notice of appeal from the agency's decision to the Appeals Tribunal.

At the hearing before the Appeals Tribunal on March 11, 1980, plaintiff testified that he was absent from work because of his illness from December 17, 1979, to January 2, 1980; that he was absent from work on January 18, 1980, because his small children were sick. He did not notify Heil-Quaker or report his absence on at least two occasions during that time. Plaintiff was also absent from work one other time and failed to notify Heil-Quaker. Plaintiff admitted he was aware of company policy requiring employees to call Heil-Quaker if the employee could not report to work and that an employee was subject to discharge for failure to notify the employer on three occasions.

The Appeals Tribunal, in upholding the agency's decision, filed the following findings of fact:

FINDINGS OF FACT: Claimant's most recent wage paying work prior to filing this claim was with Heil Quaker, from April 10, 1978 to January 18, 1980, when claimant was discharged for violation of company policy. Claimant was absent two days and failed to call to advise employer that he could not report to work. He had been warned once prior to this absence. Claimant was sick form [sic] December 17, 1979 to January 2, 1980 and presented employer with a doctor's statement that he was unable to work for that period. However, he was also absent from January 2, 1980 to January 18, 1980, the date of discharge. His children were sick for that period of time but he failed to notify his employer two days during that period. The employer accepted claimant['s] period of absence when he was ill from December 17, 1979 to January 2, 1980 and he was paid for the days. He failed to call the employer when his children were sick becuase [sic] he does not have a phone and could not leave them. The employer failed to accept claimant's reason for absence from January 2, 1980 to January 18, 1980 and discharged him.

On March 20, 1980, plaintiff timely appealed to the Board of Review. This appeal was heard on May 15, 1980. Plaintiff again admitted that he had failed to notify his employer that he would be absent during the period January 2 to January 18, 1980.

The Board of Review found "[b]ased upon the entire record in this cause, [that] the Appeals Tribunal correctly found the facts and applied the law", "adopt[ed] the findings of fact and decision of the Appeals Tribunal," and affirmed the decision of the Appeals Tribunal "in all things and matters."

On June 6, 1980, plaintiff filed a petition for certiorari in the Chancery Court for Marshall County to obtain review of the decision of the Board of Review. On December 2, 1980, plaintiff moved to have the case remanded to the Board of Review in light of the decision of an arbitrator in a proceeding brought by plaintiff against his employer Heil-Quaker. The Chancellor, over objections of the Commissioner, "remanded to the Board of Review for further consideration in light of the Arbitrator's award; . . . ."

The arbitrator's award arose out of an arbitration proceeding called for in the contract between Heil-Quaker and the union to which plaintiff belonged. The parties to the arbitration proceeding were Heil-Quaker (the employer) and The Stove, Furnace and Allied Appliance Workers International Union of North America and its Local 14 (Union). The arbitrator found that Heil-Quaker "lacked justifiable cause for" discharging plaintiff and modified the discharge "to a three-day disciplinary suspension . . . ."

On March 18, 1981, plaintiff filed a second claim for unemployment compensation as a result of being laid off for "lack of work" as of April 21, 1980. This claim arose after the arbitrator had made his award and Heil-Quaker filed a second separation notice which stated that plaintiff was laid off due to "lack of work." The agency rejected this claim on March 31, 1981. The Appeals Tribunal upheld the rejection pursuant to T.C.A. § 50–1324(B)(2) (now codified as T.C.A. § 50–7–303(2)(B).) based on a finding of fact that plaintiff had

been discharged on January 18, 1980, for misconduct connected with his work and had not subsequently worked or earned wages. The Board of Review affirmed the decision of the Appeals Tribunal. Plaintiff filed a petition for certiorari in the second case, as well as the first. They were consolidated for hearing in the Chancery Court.

Pursuant to the Chancellor's order on remand, the Board of Review conducted a hearing and filed the following findings of fact:

FINDINGS OF FACT: This case was remanded to the Board of Review by Order of the Honorable Chancery Court of Marshall County, Tennessee, for further consideration in light of the Arbitrator's award. The record reflects that the claimant was discharged by the Heil Quaker Corporation of Lewisburg, Tennessee, on January 18, 1980, for excessive absence from work without notifying the employer. The claim was denied by the Agency under TCA 50–1324 B (2), and subsequent to an appeal, the claim was further denied by the Appeals Tribunal by decision dated March 17, 1980, under the above quoted Statute. The Board of Review by decision dated May 23, 1980, affirmed the decision of the Appeals Tribunal which denied this claim. Pursuant to the Order of the Court, a hearing was conducted by the Board on October 8, 1981, in Nashville, Tennessee, and a copy of the Arbitrator's Decision dated October 10, 1980, was entered into evidence as Exhibit Number One. From our examination of this document, we find that the Arbitrator modified the discharge to a three-day disciplinary suspension effective January 18, 1980. The Arbitrator further held that the grievant must be reinstated to his former work position with all rights of seniority, however, without back wages, either straight time or overtime. Testimony before the Board of Review reveals that the claimant, subsequent to the Arbitrator's decision of October 10, 1980, returned to the employer; however, the claimant was not immediately returned to work as the employer was suffering a reduction in force. The claimant was recalled to work on July 13, 1981. Counsel for the claimant contends that the decision of the Arbitrator negated the discharge, and that the claimant should be awarded unemployment compensation benefits since he would have been laid off due to lack of work had he been employed as of January 18, 1980.

From these findings, the Board of Review concluded that plaintiff had been discharged on January 18, 1980, for misconduct and that the Board's previous decision should "remain undisturbed."

The consolidated cases then came on for hearing before the Chancellor. Subsequent to that hearing, the Chancellor filed a Memorandum Opinion in which he found that plaintiff had not been "discharged as contemplated by the statute." T.C.A. § 50–7–303(2)(B). The Chancellor based his findings on "the action taken by the arbitrator" and since "[t]he arbitrator found that [Heil-Quaker] lacked justifiable [cause] for discharging [plaintiff] that [plaintiff] was not in fact discharged."

The first issue presented by the Commissioner is as follows: "Whether the results of an arbitration proceeding between the [plaintiff's] union and his employer are binding upon the Department of Employment Security in determining the [plaintiff's] eligibility for unemployment compensation."

While we are unable to find a case wherein the appellate courts of Tennessee have directly dealt with this issue, our Supreme Court has held that whether an employee has been discharged for misconduct connected with his work is to be determined by the Department of Employment Security applying state law. *Weaver v. Wallace,* 565 S.W.2d 867, 869 (Tenn.1978). This issue has been addressed by other jurisdictions.

In *Streeter v. Industrial Commission,* 269 Wis. 412, 417, 69 N.W.2d 583, 586 (1955), the Wisconsin Supreme Court, in holding that the Wisconsin Industrial Commission was not bound by an arbitrator's decision as to employee misconduct, stated as follows:

There is nothing in the Wisconsin Unemployment Compensation Act which would authorize the Commission to delegate to an arbitrator, who was named in, or pursuant to, a collective bargaining contract, the statutory authority conferred upon the Commission to determine whether the conduct of an employee for which he was discharged by his employer constituted *"misconduct"* within the meaning of section 108.04(5), Stats., which would bar such employee from unemployment compensation benefits. It is conceivable that such an arbitrator arbitrating the discharge might find the conduct of the discharged employee to be such as not to have warranted the discharge, while the Commission passing on the identical facts would determine that such conduct constituted "misconduct" within the meaning of section 108.04(5). As we construe such statute, the Commission is free to make its own decision on such issue independently of the decision of such arbitrator, nor is it required to hold up the processing of an application filed by the discharged employee until arbitration of the discharge has been had.

The West Virginia Supreme Court, addressing this issue, has stated:

Findings of fact and conclusions of law by an arbitrator in an employment dispute matter are not binding upon the West Virginia Department of Employment Security or the courts of this State. [Citation omitted.]

In proceedings before the West Virginia Department of Employment Security concerning claims for unemployment compensation benefits, evidence is to be taken and a record is to be developed by the Department with findings of fact and conclusions of law independent from the findings of an arbitrator.

*Kisamore v. Rutledge*, 276 S.E.2d 821, 826 (W.Va.1981).

The Pennsylvania Supreme Court has likewise held that Pennsylvania's Unemployment Review Board is not bound by an arbitrator's decision but should base its findings upon the facts as of the time of discharge. *Warner Co. v. Unemployment Compensation Board of Review,* 396 Pa. 545, 153 A.2d 906 (1959).

Plaintiff has cited *Schock v. Board of Review, Division of Employment Security, Department of Labor and Industry,* 89 N.J. Sup. 118, 214 A.2d 40 (1965), aff'd., 48 N.J. 121, 223 A.2d 633 (1966), a case in which the appellate division of the Superior Court of New Jersey held that there was not a final discharge under the statute which would disqualify a claimant who was discharged for misconduct connected with work, where there was a contractual grievance procedure between the employer and employee which made the employee's dismissal subject to review, reversal or modification by an arbitrator.

▇ After a review of the several jurisdictions which have faced this issue, we are of the opinion that the great weight of authority, and the better rule is that an arbitrator's decision is not binding on the state.

While Heil-Quaker and the Union may be bound under the contract by the arbitrator's finding that Heil-Quaker wrongfully discharged plaintiff, the Commissioner of the Department of Employment Security of the State of Tennessee is not so bound.

The payment or nonpayment of unemployment compensation cannot be controlled by an agreement between the employer and the employee. Unemployment compensation is a matter between the State of Tennessee and the employee.

The Tennessee General Assembly has set forth in T.C.A. § 50–7–304 the procedure to be followed when a claim for benefits is made by an employee. Findings of fact and the decision based upon those findings are required to be made upon the evidence presented. The Commissioner cannot delegate a statutory duty to an arbitrator.

The Commissioner's second issue is as follows: "Whether any material evidence exists in the record of proceedings before the Board of Review to support the finding that the [plaintiff] was discharged on January

18, 1980, for misconduct connected with his work."

The standard for judicial review applicable in unemployment compensation benefit cases where the Chancellor sits as an appellate judge to review the administrative record by writ of certiorari is set forth in T.C.A. § 50–1325(I):

> In any judicial proceedings under this section, the findings of the board of review as to the facts, if there be any evidence to support the same, shall be conclusive and the jurisdiction of said court shall be confined to questions of law.

*Irvin v. Binkley,* 577 S.W.2d 677, 678 (Tenn. App.1978).

■ It is clear that the chancellor must affirm the board of review if there is any evidence to support the board's decision, unless·the board's decision is contrary to the law.

■ Plaintiff contends there is no evidence to support the finding by the Board of Review that he had been discharged. It is plaintiff's insistence that the employment contract did not give Heil-Quaker the absolute right to discharge plaintiff; that, in reality, the discharge on January 18, 1980, was a discharge conditioned upon the grievance procedure in the employment contract and, when plaintiff exercised his right to the grievance procedure and the arbitrator found that "[m]anagement lacked justifiable cause for meting out the subject discharge," Heil-Quaker was bound ·by the finding and therefore there was no discharge of plaintiff by Heil-Quaker.

In other words, since Heil-Quaker was bound by the employment contract, the finding of the arbitrator under the contract nullified Heil-Quaker's discharge of plaintiff and there was therefore no evidence in the record that plaintiff had been discharged.

We disagree. This is simply another way of saying the Department of Employment Security is bound by the findings and award of the arbitrator.

The Department of Employment Security, pursuant to the statutory schemes set forth in T.C.A. § 50–7–101, *et seq.,* is free to make its decision as to the employee's entitlement to unemployment compensation benefits upon the evidence, notwithstanding what an arbitrator has found in a proceeding between the employee and the employer.

■ In the instant case there is evidence from which the Board could find that plaintiff was properly discharged.

Heil-Quaker, in the "Separation Notice," showed plaintiff's employment was terminated because he was in "Violation of Company policy." Plaintiff, in his initial claim, admitted that he violated company policy and that he was discharged for that violation. At the hearing before the Appeals Referee and before the Board of Review, plaintiff reiterated that he knew the company policy and that he violated the policy.

It is true that Heil-Quaker filed a second "Separation Notice" subsequent to the arbitrator's award. This second separation notice showed plaintiff was laid off "for lack of work." However, the Commissioner is not bound to disregard all other evidence in the record simply because Heil-Quaker filed a second "Separation Notice."

The second separation notice, the arbitration award, and the entire record was considered by the Board of Review on remand. From all of this evidence, the Board of Review concluded that plaintiff had been discharged for misconduct.

There is evidence in the record to support that finding.

In view of our holding, we deem it unnecessary to address the Commissioner's third issue.

The judgment of the Chancellor is reversed with costs to plaintiff and the cause remanded to the Chancery Court for the collection of costs and any further necessary proceedings.

TODD, P.J. (M.S.), and CONNER, J., concur.