Robbie JOHNSON, William Chalk, Effie (Johnson) Lasater, Sandra Light and Betty Cates, Plaintiffs-Appellants,

v.

Robert J. BIBLE, Commissioner of the Department of Employment Security of Tennessee and Standard-Coosa-Thatcher Company, Defendants-Appellants.

Court of Appeals of Tennessee, Eastern Section.

Oct. 25, 1985.

Application for Permission to Appeal Denied by Supreme Court Jan. 21, 1986.

Herbert A. Thornbury, Chattanooga, for plaintiffs-appellants.

W.J. Michael Cody, Atty. Gen. and Reporter, and Dianne Stamey, Asst. Atty. Gen., Nashville, for Com'r.

## OPINION

GODDARD, Judge.

In this unemployment compensation proceeding, William Chalk, Effie (Johnson) Lasater, Sandra Light and Betty Cates appeal an order of the Chancery Court for Hamilton County which denied them unemployment benefits. The Commissioner appeals an order imposing a lien for attorney fees on benefits received by Robbie Johnson, who the Chancellor found was entitled to unemployment compensation.

The claims arose as a result of termination of the employees because of their alleged participation in an altercation occurring in October 1978 at a picket line at Standard-Coosa-Thatcher Company, which was being legally struck by the union representing the employees.

It appears that at the initial hearing the Board of Review refused to hear proof from the employees, and a petition for cer-

tiorari was granted by the Chancery Court, which limited the number of witnesses that could be introduced. The Chancellor further provided as to an arbitration determination made in connection with the termination of the employees that "Any party may introduce the transcript of the hearing before the arbitrator and the decision of the arbitrator as to each of the Petitioners as evidence."

Upon remand the Board of Review heard proof from the employees involved, as well as witnesses on their behalf. The Board also received in evidence the decision of the arbitrator but not the transcript upon which the decision was based.

The employees' issues on appeal are as follows:

I. WHETHER THE CHANCERY COURT ERRED IN HOLDING THAT THE ARBITRATOR'S FINDINGS AND CONCLUSIONS COULD BE CONSIDERED AS "EVIDENCE" BY THE COMMISSIONER IN DENYING APPELLANTS' CLAIMS TO UNEMPLOYMENT COMPENSATION BENEFITS.

II. WHETHER THERE IS ANY COMPETENT EVIDENCE IN THE RECORD OF "MISCONDUCT" ON APPELLANTS' PART TO SUPPORT A DENIAL OF UNEMPLOYMENT COMPENSATION BENEFITS TO THEM.

As to the first issue, we will treat it as asserting that the Board of Review erred in considering the arbitrator's findings and conclusions because the Chancellor specifically found misconduct exclusive of any findings by the arbitrator.

The Chancellor states that disregarding the arbitrator's findings there is sufficient evidence to sustain the Board of Review. In this connection, the record discloses from the claimants and their witnesses (no witnesses were called on behalf of the Commissioner or the employer) that Mrs. Cates in an attempt, as she states, to break up a fight, pulled another employee's hair; that Mrs. Light, to use her words, "went after" another employee who had called her ugly names and was found guilty of an

assault in a city court. As to Mr. Clark, there was no proof that he struck anyone, but there was proof that, contrary to a court injunction, he crossed lines drawn to permit non-striking employees to enter and exit the plant. Ms. Lasater denied participation in any fights, but was convicted in city court.

The Board of Review, as pertinent to these claimants, made the following determination:

> From our examination of this document and the testimony offered before the Board of Review, we find that the claimant Robbie Johnson assaulted a fellow worker on Wednesday, October 4, 1978.... The claimant Effie Johnson assaulted a fellow worker.... Claimant William Chalk assaulted a fellow employee ..., and the claimants Sandra Light and Betty Cates assaulted a fellow employee.

■ The standard of review in this case, both for the Trial Court and this Court, set out in T.C.A. 50-7-304(i), requires us to determine if there is any material evidence to support the determination of the Board of Review.[1] In the case at bar we agree with the Chancellor that, exclusive of the findings of the arbitrator, there is material proof that Mses. Cates, Light and Lasater, as well as Mr. Chalk, were guilty of misconduct justifying their termination.

■ In reaching this conclusion we are not unmindful of the claimant's argument that their actions were not related to the work and, consequently, not misconduct within the purview of T.C.A. 50-7-303(2)(B). We think such an argument must fail. We say this because the proof shows that the altercations occurred while other employees were lawfully seeking entrance to the plant and in violation of an injunction issued to protect the employer and those non-striking employees.

Unfortunately, the foregoing determination does not resolve the issue. The question is whether the Board of Review would have found as it did absent the arbitrator's decision.

■ Addressing the first point, the rules applicable to the admission of evidence are found in T.C.A. 4-5-313(1), which states the following:

> *4-5-313. Rules of evidence—Affidavits—Official notice.*—In contested cases:
>
> (1) The agency shall admit and give probative effect to evidence admissible in a court and when necessary to ascertain facts not reasonably susceptible to proof under the rules of court, evidence not admissible thereunder may be admitted if it is of a type commonly relied upon by reasonably prudent men in the conduct of their affairs. The agency shall give effect to the rules of privilege recognized by law and to agency statutes protecting the confidentiality of certain records and shall exclude evidence which in its judgment is irrelevant, immaterial, or unduly repetitious.

The Commissioner argues that the determination of the arbitrator meets the requirement "when necessary to ascertain facts not reasonably susceptible to the proof under the rules of court."

It is true the record before the arbitrator is said to be voluminous and the testimony, according to his report, spanned some 14 days. We note, however, that a number of other employees were involved in the arbitration hearing, and there is no showing that the evidence as to the employees involved in this case would not be reasonably susceptible to proof. Moreover, it appears that photographs were one of the determining factors in the arbitrator's decision, and these, we think, could have been easily obtained and introduced.

It could also be argued that in accordance with the Chancellor's previous order the arbitrator's decision was not admissible

---

**1.** The 1984 amendment to the statute, Chapter 886 of the Public Acts of 1984, changed the standard of review to "substantial and material" evidence. But as these claims arose prior to the effective date of the 1984 amendment, we do not believe it applies to the present case. This result is in accord with an order of the Supreme Court in *Banks v. St. Francis Hospital* (see appendix), which addresses the change in the standard of review in worker's compensation cases.

absent the transcript. However that may be, we conclude that the arbitrator's decision does not meet the criterion set forth in the statute and was improperly admitted.

■ If the standard of review for this appeal were the same as in the usual civil cases we could disregard the determination of the arbitrator and ascertain if there was sufficient evidence to preponderate against the decision of the Board of Review. However, as already noted, the Board of Review has plenary power relative to determination of facts, and the Chancellor as well as this Court is bound by such finding if there be material evidence to support it. This being the case, we think it would be proper that the case be remanded to the Chancery Court that it might be further remanded to the Board of Review to reconsider the case, excluding the findings of the arbitrator.

■ As to the appeal of the Commissioner, we note that T.C.A. 50–7–708(b) & (c) provides as to attorney fees the following:

(b) No individual claiming benefits shall be charged fees of any kind in any proceedings hereunder by the board of review, the commissioner, or his or its representative, or by any court or any officer thereof; but said fees, excluding attorney's fees, shall be deemed a part of the expenses of administering this chapter; provided, however, that the foregoing provisions shall not limit or affect the requirements of § 50–7–304 with respect to giving bond by an applicant or petitioner for costs incident to the filing of a petition for certiorari for judicial review of any decision of the board of review. Any individual claiming benefits in any proceedings before the board of review, or the commissioner, or his or its representatives, or a court, may be represented by counsel or other duly authorized agents; but no such counsel or agent shall either charge or receive for such services more than an amount approved by the board of review. Any person who violates any provision of this subsection shall, for each such offense, be guilty of a misdemeanor and punished accordingly.

(c) No assignment, pledge, or encumbrance of any right to benefits which are or may become due or payable hereunder shall be valid; and such rights to benefits shall be exempt from levy, execution, attachment, or any other remedy whatsoever provided for the collection of debt; and benefits received by any individual, so long as they are not mingled with other funds of the recipient, shall be exempt from any remedy whatsoever for the collection of all debts, except debts incurred for necessaries furnished to such individual or his spouse or dependents during the time when such individual was unemployed. No waiver of any exemption provided for in this subsection shall be valid.

We agree with the Commissioner that only the Board of Review can set the attorney fees. In *Queener v. Magnet Mills, Inc.*, 179 Tenn. 416, 167 S.W.2d 1 (1942), the Supreme Court, ruling on the foregoing code section, specifically so held. We accordingly direct upon remand that the Board of Review set the attorney fees as to the case of Ms. Johnson.

For the foregoing reasons the Trial Court is reversed and the cause remanded to the Chancery Court to be further remanded to the Board of Review for proceedings not inconsistent with the mandates of this opinion. The costs of appeal are adjudged against the Commissioner.

PARROTT, P.J., and FRANKS, J., concur.

APPENDIX

IN THE SUPREME COURT OF TENNESSEE

AT JACKSON

JOSEPHINE BANKS, Plaintiff-Appellee,

v.

ST. FRANCIS HOSPITAL, Defendant-Appellant.

Shelby Law

ORDER

The Court is of the opinion that the General Assembly intended that all provisions

of Chapter 393 of the 1985 Public Acts, including Section 14 thereof, should apply only to those causes of action accruing on and after July 1, 1985.

Therefore, it is ordered that the defendant's motion to apply the standard of review set out in Section 14 of said Act to this case is denied.

Enter this 16th day of September, 1985.

Ray L. Brock, Jr.
For the Court