IN THE COURT OF APPEALS

FILED

July 2, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

SAMUEL R. ADAMS, et al.,           )  KNOX CHANCERY
                                   )  C. A. NO. 03A01-9701-CH-00017
            Petitioners-Appellants, )
                                   )
                                   )
                                   )
                                   )
                                   )
vs.                                )  HON. SHARON BELL
                                   )  CHANCELLOR
                                   )
                                   )
                                   )
                                   )
                                   )
MARGARET C. CULPEPPER,             )  AFFIRMED AND REMANDED
Commissioner of Tennessee          )
Department of Employment           )
Security, and TENNESSEE VALLEY     )
AUTHORITY,                         )
                                   )
            Respondents-Appellees   )


SAM G. SMITH, JR., Moore & Smith, P.C., Knoxville for Appellants.


EDWARD S. CHRISTENBURY, General Counsel, ROBERT C. GLINSKI, Assistant General Counsel, BRENT R. MARQUAND and RICHARD E. RIGGS, Knoxville, for Defendant, Tennessee Valley Authority.


JOHN KNOX WALKUP, Attorney General and Reporter, and KIMBERLY M FRAYN, Assistant Attorney General, Nashville, for Tennessee Department of Employment Security.

O P I N I O N[1]

McMurray, J.

This is an appeal from a judgment of the Chancery Court of Knox County, affirming the decision of The Department of Employment Security Board of Review in denying all the appellants unemployment compensation benefits. We affirm the judgment of the trial court.

Simply stated, the appellants here voluntarily accepted an incentive package to terminate their employment by the Tennessee Valley Authority (TVA). The package basically consisted of a choice by the individual employee of either $1,000.00 per year for each year of employment, with a minimum of $15,000.00, or a lump sum payment of six months salary or three years added to their years of service for the purpose of calculation retirement benefits. The appellants were advised that if they accepted either of the "early out" incentive packages, that TVA would contest any claim made for unemployment compensation. Notwithstanding, the appellants filed applications for unemployment benefits. Benefits were denied by the Tennessee Department of Employment Security at the administrative level. An appeal was timely made to the

---

[1]There are eighty-nine appellants in this case. A complete list is attached to this opinion as Appendix A.

Chancery Court for Knox County. The chancery court affirmed the denial of benefits and this appeal resulted.

The sole issue presented for review is "whether the decision of the Department of Employment Security Board of Review, affirmed by the chancery court, was in error by finding that T.C.A. Section 50-7-303(c)(1) was inapplicable to the facts of this case ... ."

First, we should note our standard of review. Our standard of review is governed by T.C.A. § 50-7-304(I), which allows courts to reverse, remand, or modify the decision of the Board of Review only if the decision is unsupported by substantial and material evidence in light of the entire record.

> On appeal, this court must also determine whether there is substantial and material evidence to support the findings of fact made by the lower tribunal. Johnson v. Bible, 707 S.W.2d 510, 512 (Tenn. App. 1985). Substantial and material evidence has been defined as "'such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the actions under consideration.'" Southern Ry. Co. v. State Bd. Of Equalization, 682 S.W.2d 196, 199 (Tenn. 1984)(quoting Pace v. Garbage Dist., 54 Tenn. App. 263, 390 S.W.2d 461, 463 (Tenn. App. 1965)). If the record contains such evidence, review by this court is confined to whether the lower tribunal erred when it applied the law to the facts found, that is, review is confined to a de novo review as to questions of law. Perryman v. Bible, 653 S.W.2d 424, 429 (Tenn. App. 1983); Irvin v. Binkley, 577 S.W.2d 677, 678 (Tenn. App. 1978).

Payne v. Culpepper, 1997 Tenn. App., LEXIS 25.

The dispositive question here is whether T.C.A. § 50-7-303(c)(1) is applicable to the facts of this case. T.C.A. § 50-7-303(c)(1) (in effect at the times under consideration here) provided as follows:

(c) Qualifications. Notwithstanding any other provision of law to the contrary:

(1) Benefits shall not be denied under this chapter to any otherwise eligible claimant for separation from employment pursuant to a labor-management contract or agreement, or pursuant to an established employer plan, program, policy, layoff or recall which permits the claimant (employee), **because of lack of work**, to accept a separation from employment. However, benefits shall be denied a claimant for separation from employment resulting from the claimant's acceptance of an employer's program which provides monetary incentives to employees for voluntarily terminating their employment. (Emphasis added).

In the final analysis, the question becomes a question of fact., i.e., whether the claimants were offered the incentive package because of "lack of work." If the incentive package was offered because of "lack of work" the claimants are entitled to unemployment benefits. Otherwise, they are not.

The trial court determined, and we agree, that there was substantial evidence in the record to demonstrate that the claimants left their employment voluntarily to receive the "early out" incentives. The trial court further found that there was no lack of work at the time the claimants resigned. The record

4

clearly reflects that at the time the claimants accepted the early-out incentive package, they had the option of working. They were guaranteed work through the fiscal year 1995, even though some of the claimants' jobs were determined to be "at risk" and faced a likelihood of a reduction in force at some later time. We agree with the conclusion of the chancellor that "concern about a potential lack of work in the future does not constitute a present lack of work."

In conclusion, we find that the claimants do not qualify for benefits under the provisions of T.C.A. § 50-7-303(c)(1). There is substantial and material evidence in the record to support the findings of the Board of Review and the judgment of the trial court.

Accordingly, the judgment of the trial court is affirmed in all respects. Costs are assessed to the appellants and this case is remanded to the trial court.

_____
Don T. McMurray, Judge

CONCUR:

_____
Charles D. Susano, Jr., Judge

_____
William H. Inman, Senior Judge

IN THE COURT OF APPEALS

SAMUEL R. ADAMS, et al.,            )  KNOX CHANCERY
                                    )  C. A. NO. 03A01-9701-CH-00017
          Petitioners-Appellants,   )
                                    )
                                    )
                                    )
                                    )
                                    )
vs.                                 )  HON. SHARON BELL
                                    )  CHANCELLOR
                                    )
                                    )
                                    )
                                    )
                                    )
MARGARET C. CULPEPPER,              )  AFFIRMED AND REMANDED
Commissioner of Tennessee           )
Department of Employment            )
Security, and TENNESSEE VALLEY      )
AUTHORITY,                          )
                                    )
          Respondents-Appellees     )

## <u>JUDGMENT</u>

This appeal came on to be heard upon the record from the Chancery Court of Knox County, briefs and argument of counsel. Upon consideration thereof, this Court is of opinion that there was no reversible error in the trial court.

The judgment of the trial court is affirmed in all respects. Costs are assessed to the appellants and this case is remanded to the trial court.

PER CURIAM

| | |
|---|---|
| ADAMS, SAMUEL R. | DOWNS, SALLY C. |
| ALLEN, PATRICIA | FORRESTER, LINDA H. |
| ARNOLD, PATRICIA M | GAYLON, MARGIE P. |
| AYRE, FRANK M JR. | GLIIIAM BARBARA ANN |
| BENNETT, NORMA | GOULD, CHARLIE MAE |
| BRABSON, WILMA J. | CUMMINS, CHARLES P. |
| BREEDEN, JERRY L. | DANIEL, JACK RICHARD |
| CAMPBELL, SHIRLEY D. | DAVIS, JOYCE R. |
| CHURCHWELL, BILLIE J. | DEFORD, JAMES E. JR. |
| COWAN, MYRNA J. | DOSSETT, JOSEPH L. |
| ALLEN, KENNETH C. | ENGLE, RUSSELL D. |
| ANDERSON, DAVID J. | FOX, ROBERT K. JR. |
| ATCHLEY, JOYCE F. | GIBSON, BRENDA N. |
| BALL, BETTY J. | GOINS, JOHN C. JR. |
| BOWMAN, ROSE K. | GREEN, PATRICIA R. |
| BRADLEY, PAULA K. | GRIGGS, JAMES R. |
| BROWN, NEMA P. | HAMMONS, PERCY J. JR. |
| CARVER, GLENN T. | HAYES, MELVIN E. |
| CLINE, JAMES NORRIS | HOWARD, JIMMY LEE |
| COX, F. YVONNE | KALEY, KARY W |
| CRAWFORD, CORINE E. | LASLEY, SHIRLEY A. |
| DANIEL, HOWARD L. | LEDFORD, WANDA SUE |
| DAVIS, ANNIS D. | MORGAN, VERA SUE |
| DEBUSK, MADOLYN L. | NAPIER, LARRY G. |
| DISNEY, RONALD W | NATIONS, LINDA T. |

HALL, JAMES EDWARD

HARRIS, CHARLES S.

HIXSON, BOBBY F.

HUDSON, BILLIE C.

LAMBERT, MELVIN

LAWS, PAT O.

LEE, THOMAS J.

MORRISON, WANDA J.

NAPIER, LINDA M

NELSON, CURTISDENE J.

OFFICER, WALTER

OWENS, SUSIE Y.

PITTS, THURMAN L.

ROBINSON, GWEN C.

SHERROD, RUTH G.

SKIPPER, FRANCES E.

SMITH, JIMMIE M

STERN, DORIS M

TAYLOR, MONA S.

THOMPSON, SALLIE ANN

OGLESBY, JANE R.

PACK, JAMES RAY

QUARLES, SILAS W

SCARBROUGH, SARAH L.

SHIRLEY, FAYE C.

SMITH, BETTY L.

SOUTH, JESSIE T.

STRONG, STANLEY A.

TAYLOR, SHIRLEY A.

TURNER, BARBARA J.

TURNER, SARAH J.

VARNER, DOUGLAS R.

WEBBER, JAMES Q.

WILSON, ELISA G.

WORMSLEY, JERRY ALAN

UNDERWOOD, LOIS S.

WALKER, EDNA LEE

WILLIFORD, LINDA B.

WOOTEN, GLADYS, S.

APPENDIX A