IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

December 14, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

SANDRA E. PERKINS                    )    KNOX COUNTY
                                     )    03A01-9903-CH-00106
          Petitioner-Appellant       )
                                     )
                                     )
          v.                         )    HON. DARYL R. FANSLER,
                                     )    CHANCELLOR
                                     )
COMMISSIONER JAMES DAVENPORT,        )
TENNESSEE DEPARTMENT OF         )
EMPLOYMENT SECURITY,            )
                                     )
          Respondent-Appellee         )
                                     )
and                                  )
                                     )
SPORTS BELLE, INC.                   )
                                     )
          Defendant-Appellee          )    AFFIRMED AND REMANDED

SAMUEL W. BROWN OF KNOXVILLE FOR PETITIONER-APPELLANT

DOUGLAS EARL DIMOND OF NASHVILLE FOR RESPONDENT-APPELLEE

O P I N I O N

Goddard, P.J.

This is an unemployment compensation case.   Sandra E. Perkins filed a Petition

for Certiorari with the Knox County Chancery Court, seeking a judicial review of the decision of

the Commissioner, Tennessee Department of Employment Security, whereby she was denied

unemployment compensation benefits.

## I. FACTS

Sandra Perkins was employed by Sports Belle, Inc., from March 28, 1984 until April 18, 1997. Her most recent position was as an assistant supervisor of quality control at Sports Belle. She had held that position for approximately two to three years. Her handwritten resignation letter stated:

> Please accept my notice of resignation as of 4/19/97. I will work a two week notice. My last day will be 4/25/97. I have enjoyed working at Sports Belle, but I'm not happy in the position. I do not believe I could go back to Insp. Nor do I want to. I have thought about this I feel it is best.

On May 13, 1997, Ms. Perkins filed an initial claim for unemployment benefits. In her claim, Ms. Perkins stated that she voluntarily quit her employment. The separation notice which, was filed by the employer stated that Ms. Perkins voluntarily quit with notice. Her position was stated as being Assistant Quality Control Supervisor. The questionnaire form completed by Ms. Perkins on May 13, 1997, stated

1. Did you quit your last job?  √ YES __ NO
2. On what date did you quit your job? 04/18/97
3. Give details of the FINAL INCIDENT that caused you to quit.
I was working a notice effective 04/25/97. He (Jesse Lee) wanted me to stay and offered me another job. I was in a position of supervision making 6.50/hr which he up graded to 7.50. He kept telling me he would get me help but he didn't. I had to Q.C. inspect 200-300 employees (quality control). I could not do it by myself. They said I was an assistant Q.C., but I did not have any help – therefore, I was IT! We argued over not having help and he wanted me to stay. I had had enough and left!
4. What steps did you take to resolve the problems(s) before quitting?
I tried to do it by myself (4 years), but I could not. I worked early and late w/out extra pay. I got pay for the PM over-time but not the AM.

On May 22, 1997, the Tennessee Department of Employment Security notified Ms. Perkins that she was ineligible for benefits and disallowed her claim under T.C.A. 50-7-703(a)(1) finding that Ms. Perkins voluntarily quit her employment without good cause.

Ms. Perkins appealed the decision to the Appeals Tribunal on May 28, 1997. A hearing was held on June 26, 1997, which was continued until August 28, 1997. At the hearing held on June 26th, Ms. Perkins testified. Both Ms. Perkins attorney and the employer's attorney had the opportunity to examine Ms. Perkins. Ms. Kathy Brown represented the employer at the June 26th hearing. Because of time constraints, Ms. Perkins' attorney did not have the opportunity to cross-examine Ms. Brown. The employer did not appear at the August 28, 1997, hearing, pursuant to a settlement agreement between Ms. Perkins and the employer, which had been reached prior to the August 28th hearing.[1] Since Ms. Perkins' counsel had no opportunity to cross-examine Ms. Brown during the June 26th hearing, and she did not appear at the August hearing, the appeals referee stuck Ms. Brown's testimony.

On September 4, 1997, the appeals tribunal set aside the Tennessee Department of Employment Security's decision and approved Ms. Perkins' unemployment compensation claim.

The employer sought an appeal on September 15, 1997, to the Tennessee Department of Employment Security Board of Review. After reviewing the record, the Board of Review reversed the decision of the appeals tribunal. The Board of Review made the following findings of Fact and Conclusions of Law.

> Findings of Fact: The claimant's most recent employment prior to filing this claim was as a quality control supervisor for Sports Belle, Knoxville, Tennessee, from March 28, 1984, until April 18, 1997, when she voluntarily quit. She felt that she was overworked and not adequately compensated for overtime. In fact, she was paid for work performed after regular working hours. In addition, the employer offered her other job assignments which she refused. She then quit her employment.
>
> Conclusions of Law: After carefully considering the entire record in ths case, the Board of Review finds that the claimant left her employment voluntarily and without good cause connected with work under T.C.A. 50-7-303(a)(1). The claimant was

---

[1]The parties are in dispute as to the actual Settlement Agreement. The Employer states that it understood that Ms. Perkins had withdrawn her claim for unemployment benefits, as well as any other claims against the Employer according to the Release of All Claims/Settlement Agreement. Ms. Perkins claims that the Employer agreed not to contest the receipt of any unemployment compensation benefits which Ms. Perkins was seeking.

dissatisfied with her work assignment but refused other job assignments from the employer which the employer offered after the claimant had expressed her dissatisfaction. It appears that the claimant is no longer employed because of her own actions and that work was available for her.

## II. THE HOLDING OF THE CHANCERY COURT

After receiving the notification that she was not eligible for unemployment compensation benefits, Ms. Perkins filed a petition of certiorari with the Knox County Chancery Court averring that the Board of Review engaged in unlawful procedures and acted arbitrarily, capriciously, and abused its discretion by reversing the decision of the Appeals tribunal even though no competent testimony against the testimony of the Petitioner was available. Additionally, she argued that the findings of fact and conclusions of law are not supported by substantial and material evidence in light of the entire record. She was constructively discharged from her employment, because she was denied compensation and benefits proportionate to her responsibilities compared to others who had similar positions.

The Chancellor held:

After reviewing the record as a whole the Court is of the opinion that exclusive of the testimony of Kathy Brown and exclusive of any material submitted on behalf of the employer subsequent to June 16, 1997, the record contained evidence which is both substantial and material to support the Board's Findings of Fact. There was nothing in the record before this Court to indicate that the Board of Review considered the testimony of Kathy Brown or subsequent documents submitted by the employer and therefore this court cannot conclude that the Board followed an unlawful procedure in arriving at its decision.

Further, in view of the fact that there is substantial and material evidence in the record to support the Board's decision it cannot be concluded that the Board acted arbitrarily or capriciously in reaching its decision.

Accordingly, the decision of the Board of Review is affirmed.

## III. ISSUES

4

Ms. Perkins timely filed a Notice of Appeal seeking to have the decision of the Chancellor upholding the decision of the Board of Review set aside. She presents the following issues on appeal.

I.      The Trial Court erred in holding that the Findings of Fact and Conclusions of Law reached by the Appellee were supported by substantial and material evidence in light of the record.

II.     The Trial Court erred in upholding the Appellee's determination that the Appellant was ineligible for unemployment benefits, as the Appellee in reaching its Administrative findings and Conclusions of Law engaged in unlawful procedure and acted arbitrarily, capriciously, and abused its authority by reversing the decision of the Appeals Tribunal, as no testimony was offered to rebut the testimony of the Appellant.

## IV.  DISCUSSION

Ms. Perkins asserts that the findings of fact and conclusion of law found by the Board of Review and the Chancellor were in error.

Judicial review of a decision of the Board of Review in an unemployment compensation case is had under T.C.A. 50-7-304(i)(2), which provides in pertinent part as follows:

> (2) The chancellor may affirm the decision of the board or the chancellor may reverse, remand or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>
> > (A) In violation of constitutional or statutory provisions;
> > (B) In excess of the statutory authority of the agency;
> > (C) Made upon unlawful procedure;
> > (D) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> > (E) Unsupported by evidence which is both substantial and material in the light of the entire record.
>
> (3) In determining the substantiality of evidence, the chancellor shall take into account whatever in the record fairly detracts from its weight, but the chancellor shall not substitute the chancellor's judgment for that of the board of review as to the weight of the evidence on questions of fact. No decision of the board shall be reversed, remanded or modified by the chancellor unless for errors which affect the merits of the final decision of the board.. . .

5

(4) It shall not be necessary in any judicial proceedings under this section to enter exceptions to the ruling of the board, but the petition shall distinctly state the grounds upon which the action of the board is deemed erroneous. An appeal may be taken from the judgment and decree of the chancery court having jurisdiction of these controversies to the court of appeals of Tennessee, in the same manner, but not inconsistent with the provisions of this chapter, as provided in other civil cases.

Therefore, the standard of review of a decision of the Board of Review envisions substantial judicial deference to administrative decisions, and the courts must guard against substituting their judgment for that of the administrative agency. Cherry v. Suburban Mfg. Co., 745 S.W.2d 273, 277 (Tenn. 1988).

Moreover, if there is substantial and material evidence to support the decision of the Board of Review, the decision is conclusive, and the trial court's review shall be confined to questions of law. Perryman v. Bible, 653 S.W.2d 424, 429 (Tenn. Ct. App. 1983). Additionally, this Court must apply the same standard as the trial court in reviewing the trial court's decision in an unemployment compensation case. Metropolitan Government v. Shacklett, 554 S.W.2d 601, 604 (Tenn.1977); Ford v. Traughber, 813 S.W.2d 141, 144 (Tenn. Ct. App. 1991); Armstrong v. Neel, 725 S.W.2d 953, 955 (Tenn. Ct. App. 1986); De Priest v. Puett, 669 S.W.2d 669, 673 (Tenn. Ct. App. 1984).

In reviewing the Board of Review's findings of fact, we are to determine only whether there is substantial and material evidence to support the findings. "Substantial and material evidence is such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration." First Tennessee Bank National Association v. Jones, 732 S.W.2d 281, 283 (Tenn. Ct. App. 1987)(citing Southern Ry. Co. V. State Bd. Of Equalization, 682 S.W.2d 196, 199 (Tenn. 1984)).

The reviewing courts may not second-guess the Board of Review's decisions concerning the weight of the evidence and should not reverse, remand, or modify the Board of

Review's decision in the absence of some error of law affecting the merits of the Board of Review's decision. See Tenn. Code Ann. 50-7-304(i)(3) (Supp. 1997); Perryman v. Bible, 653 S.W.2d 424, 429 (Tenn. Ct. App. 1983). If the record contains such evidence, we are limited to a review of the questions of law presented. Perryman v. Bible, 653 S.W.2d 424, 429 (Tenn. Ct. App. 1983).

We have reviewed the record before us, and disregard the testimony of Ms. Brown and the letters of the employer subsequent to the June 26th hearing held before the referee. The record contains substantial and material evidence to support the holdings of both the Board of Review and the Chancellor, without regard to any of documents and testimony challenged by Ms. Perkins.

The testimony of Ms. Perkins before the referee is replete with evidence that Ms. Perkins left her employment voluntarily and without good cause connected with work under T.C.A. 50-7-303(a)(1). She was dissatisfied with her work assignment but refused other job assignments from the employer which the employer offered after the claimant had expressed her dissatisfaction. Ms. Perkins is no longer employed because of her own actions and work was available for her. Therefore, she was rightly denied unemployment compensation benefits.

The second issue raised by Ms. Perkins was that the descision of the Board of Review was that the Board of Review erred in reaching its Administrative findings and Conclusions of Law since it engaged in unlawful procedure and acted arbitrarily, capriciously, and abused its authority by reversing the decision of the Appeals Tribunal, as no testimony was offered to rebut the testimony of Ms. Perkins. In light of our previous finding of substantial and material evidence to support the Board of Review's decision and the Chancellor, we can find no merit in this issue either. Ms. Perkins' testimony standing alone, demonstrates that she voluntarily left her employment in the face of the employer offering her several other positions with the same rate of pay and benefits as she was presently making. Moreover, even after she

7

learned that a new Quality Control Supervisor had been hired by the employer, she refused to return to her most recent position of Assistant Quality Control Supervisor with an increase in pay and beneits, including an IRA.

Before concluding, we recognize that the only live testimony that was introduced was at the Appeals Tribunal, Presided over by Linda Roberts, Appeals Referee, and that she found the issues in favor of the Claimant. We find nothing in the statute or case law that gives deference to this circumstance, as is the general rule. Consequently, we reiterate that there is substantial and material evidence to sustain the ruling of the Board of Review.

## V. CONCLUSION

For the foregoing reasons the judgment of the Chancellor is affirmed and the cause remanded for collection of costs below. Costs of the appeal are adjudged against Ms. Perkins and her surety.

_____
Houston M. Goddard, P.J.

CONCUR:

_____
Herschel P. Franks, J.

_____
D. Michael Swiney, J.